McIntyre *v.* New York Central Rail Road Company.

---

GEORGE H. MCINTYRE, Administrator, &c. *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

Where a passenger upon a rail road, a female, being ordered by an officer of the train, while the cars were in motion, in a dark and rainy night, to pass forward, in attempting to step from one car into another, fell between the cars and was instantly killed; *Held*, in an action brought by her administrator to recover damages of the railroad company, for her death, that the deceased was not so clearly guilty of negligence as to warrant the taking of the case from the jury, on that ground.

*Held, also,* that the evidence was sufficient to take the case to the jury upon the question whether the death of the intestate was caused by the defendant's negligence.

McIntyre *v.* New York Central Rail Road Company.

Where, in such an action, there is proof showing that the services of the deceased might have been of some value to her next of kin, a nonsuit should not be directed.

As the statute gives a right of action in such a case, nominal damages, at least, should be given, if such right is established at the trial.

Where it is apparent from the whole case that the plaintiff can in no event recover any thing but nominal damages, a new trial should not be granted, on his application.

In an action by the personal representative of a person killed by the negligence of the defendant, the jury is not limited to mere nominal damages. The value of the services of the deceased, to her next of kin, is a question for the jury to determine.

THIS was an action under the statute (*Laws of* 1847, *p.* 575, *ch.* 450,) to recover for the death of Mrs. Knight, the plaintiff's intestate, occasioned by the negligence of the defendant's employees, upon its cars, in November, 1859. The facts of the case are substantially as follows : On the 14th of November, 1859, Mrs. Knight, in company with her father, started from Rutland, Vermont, on their way west. They took the defendant's cars at Schenectady, and proceeded safely until they reached Syracuse. At Syracuse, the car in which they were seated was detached from the train, and they were ordered forward into the next car. They had just time to get into the next car forward when the train started. The car which they entered was very full, and they could find no seats. After the cars started, an officer of the train, probably a brakeman, came in and ordered the standing passengers to pass forward, saying that there were plenty of seats forward. Mrs. Knight, her father, and others followed him, and, in passing from the platform of one car to the platform of another, Mrs. K. fell between the cars and was instantly killed. It was dark, and had been raining and freezing; the train had been moving so long, at the time the order was given to go forward, that it was then in very rapid motion. The deceased was about 45–48 years of age, a widow, and had three children living. She was a seamstress, and earned some money over and above her maintenance. The children

of Mrs. Knight are all grown up. At the close of the plaintiff's case, the defendant made a motion for a nonsuit, upon the grounds:

1st. That the plaintiff's intestate was guilty of negligence.

2d. The plaintiff had failed to show pecuniary damage to the next of kin.

3d. The plaintiff had failed to show any negligence on the part of the defendant.

The motion was granted, and the judge refused to submit the case to the jury. To this the plaintiff excepted, and the exceptions were ordered to be heard at the general term, in the first instance.

*W. F. Cogswell,* for the plaintiff. I. It was negligence in the defendant to start an over loaded car from their depot at Syracuse without proper accommodation for their passengers, or giving the passengers an opportunity to seek such accommodations in other cars of the train, without passing from one to another while the train was in motion.

II. It was gross negligence in the officers of the defendant to direct the passengers in the cars to pass from one car to another in a dark and rainy night, when the cars were in full motion.

III. The plaintiff should not have been nonsuited upon the ground that the plaintiff had failed to show pecuniary damage to the next of kin. Some damage had been shown ; and if there had not been, it did not furnish ground for a nonsuit. (*Quin* v. *Moore,* 15 *N. Y. Rep.* 432. *Oldfield* v. *The N. Y. and Harlem R. R. Co.,* 14 *id.* 310.)

IV. The plaintiff should not have been nonsuited upon the ground that she was guilty of negligence in obeying the commands of an officer of the train. She had a right to rely upon his superior knowledge as to the safety in passing from one car to another, and to act accordingly. It was part of his business to direct, as it was her duty to obey. (*Drew* v.

*The Sixth Avenue R. R. Co.*, 26 *N. Y. Rep.* 49.   41 *Barb.* 366.   *See also cases cited under next point.*)

'V. The defendant having failed to furnish sufficient accommodations in the car which the plaintiff's intestate was directed to enter, or afford an opportunity to her to seek accommodation in other cars of the train before the same were in motion, is liable. Under the circumstances she might lawfully go upon the platform of the car, in passing to the other cars in search of that accommodation which the defendant was bound to furnish. (*Laws of* 1850, *p.* 234, § 46. *Colgrove* v. *The Hudson R. R. Co.*, 6 *Duer*, 382 ; *charge of Judge Slosson, pp.* 390–2, *inclusive ; Opin. of Ct. p.* 414. *Carroll* v. *The New York and New Haven R. R. Co.*, 1 *Duer*, 571. *Willis* v. *The Long Island R. R. Co.*, 32 *Barb.* 398 ; *Opin. of Judge Emott*, 405.   24 *N. Y. Rep.* 410.)

*T. R. Strong*, for the defendant. I. The death of the intestate of the plaintiff resulted from her negligence; wherefore the action can not be maintained. When the train of cars started west from Syracuse, the intestate was in the rear car. Soon after, incumbered with a satchel, a basket, with a pot of plants, and the care of an aged infirm man, she went forward, passed through that car, and then to the next car ; then through that, and attempted to pass from the latter into the third car forward from the rear, the train being then in rapid motion, and the platform slippery, when she fell and was killed. (*Wilds* v. *The Hudson River R. R. Co.*, 24 *N. Y. R.* 431. *Steves* v. *The Oswego and Syracuse R. R. Co.*, 18 *id.* 422, 427.)

· II. The intestate was none the less negligent, because the brakeman requested or directed passengers not having seats to go into the forward cars to obtain them. Assuming that the defendant was negligent, by reason of this request or direction of the brakeman, in that view the case was one of concurring negligence of the intestate and the defendant, which is fatal to the action. The intestate was not required

to comply with such request or direction, and it was negligence for her to do so.

III. There was no negligence by the defendant which contributed to produce the death of the intestate. 1. The omission to furnish seats in the two rear cars was not such negligence. 2. The defendant is not chargeable with negligence from the request or direction aforesaid of the brakeman. Compliance by the intestate was not compulsory, but voluntary, and at her sole peril.

IV. It does not appear that any pecuniary damage has been sustained by the next of kin of the intestate by reason of her death. Her three children were grown up, living independent of her, supporting themselves ; and she made her home with her friends, for whom she worked, spending some portion of the time each year with her married daughter. She had no means, at her death, beyond such interest as she might have had in her husband's estate, which proves that she had not acquired any property for the seven years between her husband's and her own death, her husband having died in 1852, and she in 1857. She was at her death about 48 years of age. It does not appear that any of her children had received any pecuniary benefit from her for several years, or that any could be anticipated in future. (*Laws* 1847, *p.* 575, § 1. *Id.* 1849, *p.* 388, § 1. 3 *R. S.* 5*th ed.* 589, §§ 3, 4. *Dickins* v. *The N. Y. Central R. R. Co.*, 23 *N. Y. Rep.* 158. *Tilly, adm'r*, v. *The Hudson River R. R. Co.*, 24 *id.* 471.)

*By the Court,* E. DARWIN SMITH, J. The nonsuit was granted in this action upon one or more of three grounds, but upon which one, the case does not state. I shall therefore consider them in the order which they occur. The first ground is that the "plaintiff's intestate was guilty of negligence."

I do not think that she was so clearly guilty of negligence as to warrant the taking of the case from the jury on this ground. She was ordered, as several witnesses testify, by

McIntyre *v.* New York Central Rail Road Company.

one of the officers or persons in charge of the train, who spoke in a very authoritative manner, to leave the car in which she was standing, and proceed to the forward car. No seat had been furnished her in the car where she then was, and it could hardly be expected that she should remain standing during the journey. Being a woman, and traveling with a very old man as an escort, she would naturally obey the commands of a person belonging to the road, and could hardly be called negligent in so doing.

There was evidence I think sufficient to take the case to the jury, upon the question whether the death of the intestate was caused by the defendants' negligence. The defendant was clearly responsible for the acts of the person in charge of the train, by whose direction the intestate attempted to pass from one car to another. The nonsuit I presume was granted upon the remaining ground, that the plaintiff failed to show pecuniary damages to the next of kin. There is some proof on this point, showing that the services of the decedent might have been of some value ; certainly as much as there was in the case of *Oldfield* v. *New York and Harlem R. R. Co.*, (14 *N. Y. Rep.* 310,) where the deceased was a child of six or seven years of age, whose services could have been of but small pecuniary value to her parents. But the court of appeals have decided this question in the above cited case, where Judge Wright, (*p.* 314,) amongst other things, says that "nominal damages, at least, were recoverable ;" and Judge Comstock in the same case, at ( *p.* 230,) says, "that without any special proof of pecuniary loss, nominal damages at least could be recovered." In the the case of *Quin, adm'r*, v. *Moore*, (15 *N. Y. Rep.*) Judge Comstock, in a case arising under the same statute, says, (*p.* 434:) "It may be added that, as the statute expressly gives the right of action, nominal damages, at least, could be recovered." It is quite clear that if a right of action was established at the time, nominal damages at least should have

been given. So far, therefore, as this question is concerned, the nonsuit was erroneously granted.

But it is argued that this court will not grant a new trial when the plaintiff is only entitled to recover nominal damages. (*Hopkins* v. *Grinnell*, 28 *Barb.* 536. *John. Cas.* 267. 2 *Cowen*, 479.) The cases in which this rule has been so stated put the refusal to grant a new trial upon the express ground that the plaintiff could in no event recover any thing but nominal damages. Some cases assert that this rule can not be applied when the question is presented upon exceptions, or upon error in a superior court of review. In *Herrick* v. *Stover*, (5 *Wend.* 584,) Judge Marcy said, he had always supposed that the party who had been affected by an error, be the extent of the injury ever so small, "can require of us, *ex debito justitiæ* to correct it." The question is presented in this case upon exceptions. The plaintiff's counsel asked to go to the jury, and the judge refused to submit the case to the jury, and the plaintiff's counsel duly excepted.

I think the rule was correctly stated in the opinion of my brother Welles, in *Hopkins* v. *Grinnell*, when he asserts the rule to be, that where it is apparent from the whole case that the plaintiff can in no event recover any thing but nominal damages, a new trial should not be granted. But in this case the jury would not, I think, have been limited to mere nominal damages. If they had given damages for an amount sufficient to entitle the plaintiff to recover full costs or a larger amount, within reasonable limits, the court, I think, would not have set aside the verdict. The deceased was a woman from forty-five to fifty years of age. She had three grown up children, and her life obviously could not have been in a pecuniary sense very valuable to her chileren, all of whom were settled in life and capable of supporting themselves. She probably could have done little more for the residue of her life than support herself by her personal efforts and industry; but this was a question for the jury.

She was killed near Syracuse in this state, and her home

was with her daughter in Springfield, Pennsylvania. If the jury had found a verdict, as I think they might have done, for an amount that would have indemnified her children for the expenses attending the preserving and removal of her remains to her former home, and her burial and incidental expenses, I think we could not have set it aside. At least I do not think we can say, as matter of law, that a jury may not give over six cents damages in the case, which is what is meant by nominal damages. I can not see, in such case, upon what principle any considerable amount of damages could be given; but it is perhaps hardly in order to discuss that question now, if we hold, as I think we must, that the jury is not limited in such a case to mere nominal damages. I think there should be a new trial; all costs to abide the event.

New trial granted.

[Monroe General Term, March 7, 1865. *Welles, James C. Smith* and *E. Darwin Smith,* Justices.]