[No. 1513.   Decided December 18, 1894.]

CAROLINE TIBBALS, *Appellant*, v. THE MOUNT OLYMPUS WATER COMPANY, *Respondent*.

CORPORATIONS—EVIDENCE—ACTION AT DIRECTOR'S MEETING—
NON-SUIT.

In an action against a corporation, in which it becomes essential to show the proceedings of the board of directors affecting the matter at issue, when it has been shown that action has been taken in reference thereto, at the meeting of the board, it is competent to show all that was said and done in relation thereto, in addition to what is disclosed by the minutes of the board; and especially is this true when the minutes are ambiguous and do not in themselves fully explain the entire transaction.

In an action against a corporation to recover upon a contract for the payment of a certain sum of money, it is error to non-suit plaintiff, when the evidence tends to show that the defendant had agreed, in payment of a water franchise, to give plaintiff paid up stock of a certain value upon the completion of its works, that defendant had abandoned the enterprise, had agreed with plaintiff to pay the consideration due in cash, and had for a certain period of time paid interest upon its indebtedness under such substituted agreement.

If the evidence introduced in an action tends to establish the allegations of the complaint, its sufficiency should be determined by the jury, and not by the court.

*Appeal from Superior Court, Jefferson County.*

*Trumbull & Trumbull,* for appellant.

*Morris B. Sachs* and *George H. Jones,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff claimed as assignee of D. H. Hill and H. L. Tibbals, who, it was alleged, had sold to the defendant the property and franchises of the Port Townsend Water Company, for a cash consideration of fifteen thousand dollars, and a further consideration of twenty-five thousand dollars, to be paid in stock of the defendant company as soon as it should have completed its works and begun the delivery of water, in the city of Port Townsend, under its charter. The stipulations in the contract evidencing this sale were such that it appeared that it was the intent of the parties that the stock payment of twenty-five thousand dollars was to bear such a relation to the cost of the plant of the company at the time of its issue as to represent the actual expenditure of cash. And this being so, such stock payment was of the value of twenty-five thousand dollars.

It was alleged in the complaint that the defendant company had abandoned the idea of the completion of its works and the delivery of water in the city of Port Townsend under its charter, and that on account of such abandonment it had recognized the claim of the said Tibbals and Hill as one for the payment of twenty-five thousand dollars in cash, and had agreed to so pay it, and in pursuance of such new agreement had paid interest upon that amount for several months. Upon an answer which put in issue the fact of the agreement to pay the amount in money, the cause went to trial, and upon the close of the plaintiff's case the motion of the defendant for a non-suit was granted, and from the judgment rendered thereon this appeal has been prosecuted.

Plaintiff alleges two principal reasons why such judgment should be reversed : First, that the court erred in sustaining defendant's objection to certain testimony offered by her ; and, second, in granting the motion for non-suit. For the purpose of establishing the fact of the disputed agreement plaintiff put in evidence a copy of the minutes of the defendant company, the material part of which was in the following language :

"H. L. Tibbals, jr., now entered and stated his business was to effect somewhat of a compromise or agreement in regard to the twenty-five thousand dollars claim he and his old partners in the Port Townsend Water Company have against this company. Offered to discount the account twenty-five hundred dollars, if we would pay him the money or fix it so that he could get the money. Discussion ensued and finally determined that we could not do so at this time. Mr. Jackman moved that we pay Mr. Tibbals, jr., interest on twenty-five thousand dollars at the rate of eight per cent. per annum, commencing the 1st day of April, 1892, interest payable on or before the 10th day of each month, to continue until other arrangements are made and in accordance with the spirit and letter of our agreement with the Port Townsend Water Company at the time of the purchase of their plant by this company. Motion seconded by Mr. Payne, question put and all voted in the affirmative except N. D. Hill who voted no, believing that the stockholders should be called together to consult on the question. Motion declared carried."

The plaintiff then offered to prove what was said and done at the meeting of the Board of Directors at which the business to which this entry referred was transacted, and sought to prove thereby that the officers of the defendant company at such meeting conceded that the company was unable to carry out the terms of the original contract, and that on account thereof it had become liable to pay the twenty-five thousand dollars in cash, and agreed to make such payment as soon as it had funds, and in the meantime to pay interest at eight per cent. Upon the objection of defendant the court excluded this proof, and its action in so doing is the first error assigned.

It is contended on the part of the respondent that the

record does not warrant the contention that the court excluded testimony as to what was done at this meeting, but only that it refused to allow a certain question as to the reasons which influenced the defendant to be answered. But we think that what was said at the time between court and counsel for the respective parties, as set out in the record, warrants the contention of the appellant that the action of the court was such as to deprive her of the right to prove what occurred at this meeting further than was evidenced by the minutes. And this being the effect of the ruling it must be held to have been erroneous. It was made clear from the minutes that there had been some action taken at the meeting in reference to this claim, and this being so the plaintiff was entitled to put in evidence all that was said and done at the time in relation thereto. Such testimony was competent as tending directly to establish the allegations of the complaint. It was further competent for the reason that the minutes were ambiguous and did not in themselves fully explain the entire transaction, and could not be correctly interpreted without the aid of the surrounding circumstances, and for that reason the surrounding circumstances should have been allowed to have been shown to aid in their interpretation.

We are of the opinion that the motion for a non-suit should not have been granted. The facts shown by the copy of the minutes of the defendant company, taken in connection with the written contract set out in the complaint, and the other circumstances conceded or proven connected with the transaction, tended in such a measure to establish the allegations as to the agreement to pay the twenty-five thousand dollars in cash that the question as to whether or not such an agreement had been made should have been submitted to the jury. The respondent contends that the minutes directly negatived the allegation that there was an agreement to pay the twenty-five thousand dollars in cash. But we are unable to so interpret them. In our opinion they only negatived the acceptance of the proposition made to them by the owners of the claim that, if they could have

immediate payment, they would discount it ten per cent. The minutes show that this was the proposition which the company stated it could not accept; and they fail to show the reason for such action. It no more appears that it was because of a denial of liability to pay cash than that it was on account of want of funds. The language used in connection with the fact of the offer to discount the claim, if paid at once, rather warrants the conclusion that want of funds was the reason of the rejection of the offer. Especially is this so when such language is construed in the light of the resolution which directed the payment of interest on the sum claimed. If such is the interpretation of the action of the company as evidenced by its minutes, the allegations of the complaint were thereby established. But it was not necessary for the lower court to find that such was the fact to make it its duty to overrule the motion for a non-suit. If such evidence tended to establish the allegations of the complaint its sufficiency should have been determined by the jury, and not by the court.

Judgment will be reversed, and the cause remanded for a new trial.

STILES and SCOTT, JJ., concur.

DUNBAR, C. J., and ANDERS, J., not sitting.