[No 2458.  Decided February 15, 1897.]

CAROLINE TIBBALS, *Appellant*, v. MOUNT OLYMPUS WATER COMPANY, *Respondent*.

#### APPEAL — ERRORS NOT RAISED BELOW.

An objection that the answer in an action sets up inconsistent defenses comes too late, when urged for the first time on appeal, after the cause has been twice tried in the lower court and once in the appellate court upon the same pleadings, and no motion has ever been directed to the answer in this particular.

Appeal from Superior Court, Jefferson County.— Hon. R. A. BALLINGER, Judge.  Affirmed.

*Trumbull & Trumbull*, for appellant.

*Morris B. Sachs*, and *George H. Jones*, for respondent.

*Per Curiam.*—This cause was before the court on a former appeal, and is reported in 10 Wash. 329 (38 Pac. 1120).  A judgment of non-suit having been reversed, the second trial resulted in a verdict and judgment for the respondent, defendant below, from which judgment the plaintiff has appealed.

The case is fully stated in the former opinion.  The errors assigned on the present appeal are:  (1) The ruling of the court denying appellant's motion to direct a verdict; (2) errors growing out of the charge to the jury; (3) error in denying appellant's motion for a new trial upon the ground that the evidence was insufficient to justify the verdict.

In support of the first ground of alleged error, it is urged that inconsistent defenses were attempted to be set up in the answer of the respondent, the effect of which was to admit the making of the contract upon which plaintiff's action was founded.  We think this

objection comes too late, even if we were prepared to hold as a matter of law that the defenses set out in the answer were inconsistent. Although the case has been twice tried in the lower court, and is here for the second time, the plaintiff has never at any stage directed a motion to the answer in this particular. Appellant insists, however, that she is entitled to urge this objection upon the assumption that it was raised by her during the introduction of evidence at the trial. An examination of the record satisfies us that the objection to the evidence was not sufficiently definite to raise the question which is here urged. We think further that the law of the case, so far as this question is concerned, was settled by this court upon the former decision, wherein it was said that the answer " put in issue the fact of the agreement to pay the amount of money," etc. Considering the objection upon its merits, we think that the answer in question is not open to the objection that inconsistent defenses are set up therein.

It is further urged that there was no legal evidence tending to disprove the case made by the plaintiff, and for that reason plaintiff's motion for a verdict should have been granted. We think the testimony of Tibbals and Hill was sufficient, if accepted by the jury, to disprove plaintiff's case, and without attempting an analysis of the evidence, it is sufficient to say that in our opinion the motion was properly denied.

The objections to the court's charge present substantially the same question which we have considered upon the subject of inconsistent defenses, and need no further mention.

The motion for a new trial upon the ground of the insufficiency of the evidence was, for the reasons

already noticed, properly overruled, and no error being apparent on the face of the record, the judgment must be affirmed.