### DETLOF LOBNER V. THE METROPOLITAN STREET-RAILWAY COMPANY.

No. 15,933.   (101 Pac. 463.)

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Overcrowding  Street-cars — Injury  to  Passenger.* While it can not be declared negligence as a matter of law for a street-railway company to allow its cars to be crowded with passengers, yet if the company permits its cars to become so crowded that a passenger is pushed off and injured the question of whether the overcrowding of the cars is negligence is one of fact for the jury.

2. ——— *Contributory.* The mere fact that a person rides on a crowded car or the platform of such a car on the invitation of a railway company can not be regarded as contributory negligence *per se.*

3. ——— *Same.* One who rides on a crowded car assumes the inconvenience resulting from its crowded condition, but the company is not for that reason relieved from the responsibility of using due care for the safety of the passengers invited upon such crowded car.

4. ——— *Same.* Whether a person who enters a car of a street-railway company which is already crowded and rides on a crowded platform, from which he is shoved off and injured, is guilty of contributory negligence is a question to be determined by the jury under all the circumstances brought out in the evidence.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed April 10, 1909. Reversed.

*J. E. McFadden,* for plaintiff in error.

*O. L. Miller, W. J. Buchan,* and *C. A. Miller,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Detlof Lobner, who alleges that he was crowded off and caused to fall from a street-car in Kansas City, and thereby seriously injured, brought this action against the Metropolitan Street-

railway Company, which was operating the car, alleging that the injury was the result of the negligence of the company.

The grounds of negligence pleaded were substantially that the street-car on which he rode was over-crowded; that the company did not place gates on the cars for the protection of passengers; that it did not provide a sufficient number of cars to carry the passengers safely; that it permitted the car and its platforms to become so crowded as to make the plaintiff's position on the car perilous; that by reason of its crowded condition and while standing on the platform he was crowded off by his fellow passengers; and that when the car was already crowded the agents of the company at a certain junction and transfer point invited and permitted other passengers to come on the car, so as to imperil plaintiff, when they knew or should have known that the overcrowding of the car would cause the plaintiff to be crowded off and injured.

The plaintiff gave testimony in his own behalf to the effect that he boarded one of the defendant's cars to ride to his work and found all of the seats occupied, with passengers standing in the aisle and on both front and rear platforms, or vestibules; that after the car had proceeded a few blocks to Central avenue, a junction point, some persons left the car and many others got on; that at that time he moved from the aisle of the car where he was standing to the front vestibule, in order that he might get through the crowd more easily when leaving the car at his destination; that while standing in the vestibule holding to a rod on the side of the car with his left hand, with a dinner-bucket in his right hand, he was crowded out of the car and injured. He testified that he was shoved off by the pressure of the crowd against his back, but did not observe the person who was immediately against him. The conductor came into the

front vestibule to collect fares just before the plaintiff was pushed off, and he says there were about ten or twelve persons, and perhaps more, standing in the front vestibule when plaintiff was crowded out of the car. There were no gates enclosing the vestibules, or platforms, of the car. After additional testimony showing the extent of his injuries the defendant introduced a demurrer to the plaintiff's testimony, which was sustained, and of this ruling plaintiff complains.

There is abundant evidence that the car on which the plaintiff was carried was overcrowded, and there is testimony tending to show that by reason of the overcrowding of the car the plaintiff was pushed from it and injured. It is the duty of the railway company to exercise the utmost care for the safety of passengers that the means of conveyance and the circumstances of the case will permit. The company controls the operation of its cars and the number of passengers permitted to ride on each of them. It is the duty of the company to provide a sufficient number of cars to accommodate and properly care for passengers, and to permit its cars to become overcrowded so that a passenger is exposed to a danger which reasonable foresight might have anticipated and avoided is negligence. (*Topeka City Rly. Co. v. Higgs*, 38 Kan. 375, 16 Pac. 667, 5 Am. St. Rep. 754.) In *Pray v. Omaha Street R. Co.*, 44 Neb. 167, 62 N. W. 447, 48 Am. St. Rep. 717, it was held that "it is evidence of negligence on the part of the street-railway company to carry passengers greatly in excess of the seating capacity of its trains and permitting them to stand on the platforms and steps of the cars." (Syllabus. See, also, *Reem v. St. Paul City Ry. Co.*, 77 Minn. 503, 80 N. W. 638; *Sheridan v. Brooklyn and Newtown R. R.*, 36 N. Y. 39, 93 Am. Dec. 490; *Merwin v. Manhattan Railway Co.*, 55 N. Y. Supr. Ct. 608; *Lehr v. S. & H. P. R. R. Co.*, 118 N. Y. 556, 23 N. E. 889; *Graham v. McNeill*, 20 Wash. 466, 55 Pac. 631, 43 L. R. A. 300; *Neslie and*

*Wife v. Passenger Railway,* 113 Pa. St. 300, 6 Atl. 72; *Lynn v. Southern Pacific Co.,* 103 Cal. 7, 36 Pac. 1018, 24 L. R. A. 710; Nellis, St. Rld. Acc. Law, 121.)

The overcrowding of the car in this case is not held to be culpable negligence as a matter of law, but it is held that there is testimony tending to show negligence which is deemed sufficient to take the case to the jury. It is contended by the defendant, however, that the plaintiff by his own testimony discloses that he voluntarily exposed himself to danger by riding on the platform of a crowded car, a danger which he had the best opportunity to discover and appreciate. It is not contributory negligence *per se* to ride on a crowded car or the platform of such a car. The practice of inviting and permitting passengers to ride on the platforms of street-cars is so common that it can not be held as a matter of law that a passenger in doing so is guilty of contributory negligence. One who rides on a crowded car assumes the inconveniences resulting from its crowded condition, but the company is not for that reason relieved from the responsibility of using due care for the safety of the passengers invited upon the car. Of course, a passenger may take such an obviously dangerous position on a car that he will be held to have assumed the hazard of so doing, but the question whether the plaintiff was negligent in the position which he took and was occupying when he was crowded off the car was fairly one for the determination of the jury. In *Topeka City Rly. Co. v. Higgs,* 38 Kan. 375, 16 Pac. 667, 5 Am. St. Rep. 754, it was said:

"A street-railway company has the right to carry passengers on the platforms, and if a passenger be injured while standing there, without objection by the company's agent, whether the injury was with his contributory negligence is for the jury to decide under all the facts and circumstances detailed in the evidence." (Page 389.)

In *Ward v. Chicago, Milwaukee & St. Paul R. Co.,* 102 Wis. 215, 78 N. W. 442, it was held that where a

passenger on boarding a train finds the cars crowded, whether he is guilty of contributory negligence in standing on the platform is a question for the jury. The supreme court of Missouri held that it is not negligence *per se* for a passenger to ride on the platform of a street-car, and that this is true whether there is or is not room inside the car. The question whether one injured while standing on the platform is guilty of contributory negligence is for the jury and not for the court. (*Seymour v. The Citizens' Ry. Co.*, 114 Mo. 266, 21 S. W. 739.) In *Lynn v. Southern Pacific Co.*, 103 Cal. 7, 36 Pac. 1018, the question whether a passenger was justified in entering a crowded train was under consideration, and the court held that since he was accepted as a passenger he was entitled to the same care and consideration as other passengers at the hands of the railroad company. It was said:

"The fact that he was compelled to stand upon the platform, and was thus more unfortunate and more inconvenienced than his friends who were able to crowd within the car, was wholly immaterial. Their legal rights were the same. The duties and obligations of the defendant to them were the same." (Page 13.)

(See, also, *Nolan v. Brooklyn City & Newtown R. R. Co.*, 87 N. Y. 63, 41 Am. Rep. 345; *Ginna, Admr., etc., v. Second Ave. R. R. Co.*, 67 N. Y. 596; *Graham v. McNeill*, 20 Wash. 466; *Pray v. Omaha Street R. Co.*, 44 Neb. 167; *Trumbull v. Erickson*, 97 Fed. 891, 38 C. C. A. 536; Nellis, St. Rld. Acc. Law, 128.)

On demurrer the plaintiff's evidence is accepted as true, and reasonable inferences most favorable to the plaintiff must be drawn in his favor, and so considered there was certainly sufficient testimony to take the case to the jury. The judgment of the trial court is therefore reversed, and the case remanded for a new trial.