M. & L. R. Ry. v. Salinger, Ad.   Salinger, Ad., v. M. & L. R. Ry.

MEMPHIS & LITTLE ROCK RY. v. SALINGER, AD.   SALINGER, AD., v. MEMPHIS & LITTLE ROCK RY.

1. RAILROADS:   *Contributory negligence.   Riding on platform.*
   If at the time of an accident by which a passenger is injured he is voluntarily and unnecessarily upon the platform of a running railroad car, when there is room for him inside the car, this is such contributory negligence as will prevent a recovery for the injury.

2. SAME.  *Same.*
   Where a passenger who is injured upon a railroad car has so far contributed to the injury by his own want of ordinary caution, that but · for such negligence he would have escaped unhurt, he cannot recover for the injury.

APPEALS from *St. Francis* Circuit and from *Pulaski* Circuit Courts.

*Clark & Williams*, for Salinger, admr.

The question of contributory negligence, in riding upon the platform, was, under the circumstances, a fact for the jury.   Whether it was negligence or not depends upon the peculiar circumstances of each case, and is a fact to be submitted to the jury.   The platform is often as safe, if not the saftest position one can ride.   No one could anticipate a train falling through a rotten bridge.  · A passenger who rides on the platform assumes only the extra risk of such dangers as threaten that position in a greater degree than if inside the car.   If the danger threaten the entire train, or if the passenger was as liable to be injured in one place as much as another, then it is for the jury to say whether he contributed to his own injury or not.   *18 N. Y., 534; 95 ib., 562; 26 ib., 102; 31 ib., 318; Wharton Neg., sec. 359; ib., 364; 9 Rich. (S. C.), 84; 115 Mass., 239;*

M. & L. R. Ry. v. Salinger, Ad.   Salinger, Ad., v. M. & L. R. Ry.

*70 Penn St., 359; 31 N. Y., 314; Sh. & Redf. Neg., sec. 284–284 a.; 30 Md., 224; 29 Iowa, 338; 1 Duer., 233; 43 Me., 501; 33 Iowa, 562; Hutchinson on Carriers, sec. 652; 34 Mo., 45; 7 Pac. Rep., 769; 21 N. W. Rep., 633; 23 ib., 14; Thompson on Neg., vol. 2, p. 1149, sec. 4; 10 Mees. & W., 549; 5 Exch., 243; 10 U. C. Q. B, 254; 2 Hun., 514; Moaks Und. on Torts, 286–7; 10 Cent. Law Journal, 330.*

"The fact that the injured person did some act by which he incurred or increased danger, *does not necessarily involve negligence which will prevent recovery where the danger was created by some wrongful act of the company.* The question is for the jury whether he acted from wrong-headedness or as a prudent man would have done under the circumstances."

Now, to bring these cases within the cases referred to, it should have been proved *that Slainger and Goldberg knew, or had occasion to know, of the rottenness of the bridge which the train fell through.* Without this, as we have said, there is no causal connection between their carelessness and the injury. See authorities *supra; 62 N. Y., 558; 12 Q. B., 439; 6 Wait Ac. and Def., 589; 36 Vt., 580; 3 L. R. Q. B., 204; 3 M. and W,, 247; 19 Conn., 566; 1 Scott N. R. 392; 9 C. & P., 601; 1 Strobh., 525; 51 Me., 325; 20 Iowa, 562; 8 Barb., 368; 3 Allen, 176.*

*U. M. & G. B. Rose,* for the railroad company.

It is contributory negligence for a passenger to ride on the platform of a car, when there is no reasonable excuse for so doing, and after he has been warned of his danger. And if an injury happened to him under such circumstances, through the company's negligence, yet if it also appear that the injury would not have fallen upon him but for his being in that position, he is precluded from re-

covery.  *40 Ark., 322; 41 ib., 542; 36 ib., 41; ib., 371; 95 U. S., 439; 14 Allen, 429; 16 Gray, 501; 51 Ill., 495; 38 Ga., 409; 99 Pa. St., 492; 2 Wood on Rys., p. 1157.*

SMITH, J.   These two cases were decided on substantially the same facts.   Both were actions for damages, brought by personal representatives, for the negligent killing of their intestates, who were passengers on a train operated by Sibley as receiver.   The answers denied negligence and averred that the deceased had met death by their own negligence in voluntarily and unnecessarily occupying a position upon the platform while the train was running.   In the case last above mentioned, the jury, under the instructions of the court, found the issue for the defendants.   In the other case, the plaintiff recovered judgment for $2,500.

1. CONTRIB-
UTORY
NEGLI-
GENCE:

Riding on
platform.

Salinger and Goldberg were traveling on the west-bound train from Memphis and occupied seats in the ladies' coach until they reached Forrest City, the supper station.   After that, they went out upon the platform to smoke.   They were warned by the brakeman and also by the conductor that it was dangerous to ride there, but replied that they would go inside as soon as they had finished their cigars. About four miles west of Forrest City was a bridge or trestle. The engine and tender passed over safely, but the express, baggage, smoking and emigrant cars broke through the bridge and turned over either completely or partially. One hundred and eight passengers were aboard, of whom, as it appears, none were killed or even seriously injured, except Salinger and Goldberg, who were standing on the platform between the ladies' car and the emigrant car, and · Adair, who was in the baggage car.   The seating capacity of the passenger coaches in the train, exclusive of the

sleeper, was one hundred and fifty. The front trucks of the ladies' car left the track, but the car did not turn over. The sleeping car in the rear did not run off.

The following are the only directions that are complained of here in Salinger's case:

*Third*—" One who is injured by the negligence of an- Approved. other cannot recover any compensation for the injury if he, by his own ordinary negligence or willful wrong, materially contributes to produce the injury of which he complains, so that but for his concurring fault the injury would not have happened to him."

*Sixth*—" If the jury find that the defendant had attached to its train any suitable passenger car, and had assigned the plaintiff's intestate a seat therein, and that there was room for him in such car, and that he voluntarily went upon the platform, and while there was advised by the officers in charge of the train to go into the car, but neglected to do so, and was killed in that position, and that no one in the car assigned to him was injured, they will find that the negligence of the plaintiff directly contributed to the injury, and will find for the defendant."

*Seventh*—" If at the time of the accident the deceased was voluntarily and unnecessarily on the platform (that is, if there was room inside the car for deceased), this constitutes such contributory negligence as would prevent a recovery."

In the case of Goldberg, the motion for a new trial alleged that the verdict was contrary both to the evidence and instructions; and also error in the charge of the court, and in its refusal to charge as requested.

That portion of the charge which was excepted to follows:

*Second*—" It is not controverted that when the deceased, Goldberg, was killed he was riding on the front platform

of the ladies' or first-class car; but the question, whether so being on the platform was contributory negligence in such manner as to defeat his rights of recovery depends upon circumstances, and is a question for the jury; and, in determining this question, the court instructs the jury as follows:

" That the deceased, having a first class ticket, had a right to be in his seat in the first-class car, or in the second-class car, or, for the purpose of smoking, in the smoking car, and if injured in either of such positions by the defendant's negligence he would have a right to recover. The question is whether standing upon the platform was a more dangerous position, and enhanced the defendant's risk for his life and safety over and above the risk if he had been in any of the places where he had such right to ride.

" The deceased, by taking a position on the platform, assumed the risk of such additional damages only as were naturally incident to such a position and such as a prudent man would have foreseen. If the event by which the deceased lost his life was in its nature such as endangered all parts of the train alike, and was as likely to have injured the deceased had he been in other places where he had the right to be as on the platform, then the being upon the platform did not contribute to the injury."

*Third*—" The question whether the standing upon the platform was more dangerous than in the cars must be determined by the nature of the accident which caused the injury, not by reference to any other accident which might have been expected to happen.

" It must be determined by the question whether a prudent man, in anticipation of such an accident, would have regarded and avoided the platform as a position where he would have been more likely to be injured than if in his

seat in the cars ; and if the jury believe that the nature of the accident was such as to threaten all positions in the cars alike, or that it threatened no more danger to one standing upon the platform than to one in the cars, then the jury will find that the deceased was not guilty of contributory negligence, notwithstanding they may believe he was warned not to stand there, and notwithstanding it appeared after the happening of the event that he would not have been injured in the car."

The defendants asked the following instruction :

*Fifth*—" There are portions of every railroad train which Approved. are so obviously dangerous for a passenger to occupy, and so plainly not designed for his reception, that his presence will constitute negligence as a matter of law, and preclude him from claiming damages for injuries received while in such position.   A passenger who voluntarily and unnecessarily rides upon the platform of a car cannot be said to be in the exercise of that discretion and caution which the law requires of all persons who are of full age, of sound mind and ordinary intelligence; and if he suffers an injury in consequence of his occupping such a position, he cannot recover."

This the court modified so as to read as follows:

"A passenger who voluntarily and unnecessarily rides upon the platform of a car cannot be said to be in the exercise of that discretion and caution which the law requires of all persons who are of full age, of sound mind and ordinary intelligence."

The court also modified a direction prayed by the defendant, identical in language with No. 6 of the Salinger series above set out, so as to make it read thus:

" If the jury find that the defendant had attached to its train a suitable passenger car, and had assigned plaintiff's intestate a seat therein, and there was room for him in such

car, and that he voluntarily went upon the platform, and while there was advised by the officers in charge of the train to go into the car, but neglected to do so, and was killed in that position, and that no one in the cars assigned to him was injured, this is a circumstance, which in connection with all the other facts and circumstances connected with the accident, the jury may consider in arriving at a conclusion as to whether the deceased was guilty of such negligence and want of prudence as contributed to his death; and if they find, in view of all the facts connected with this accident, that the death of plaintiff's intestate was due to the negligence of the defendants, and was contributed to by the negligence and want of care on part of deceased in being on the platform instead of in the seat assigned him, they will find for defendants."

The court also refused a prayer of the defendants, the same in tenor and effect with No. 7, of the Salinger series, but gave a direction couched in the same language as No. 3, of that series; and also the following, at the instance of the defendant:

"To establish the liability of the defendant as a passenger carrier two things are requisite: That the defendant should be guilty of some negligence which mediately or immediately produced or enhanced the injury; and that the passenger should not have been guilty of any want of ordinary care and prudence which contributed to the injury. But the burden of proving contributory negligence is on the defendant."

The evidence was contradictory upon the points, whether the disaster to the train was due to the presence of rotten timbers in the bridge, and whether the defect was latent, or might have been discovered by the application of scientific tests. But the jury might well have resolved any doubts they may have had upon the subject by finding

that the accident was not inevitable, and that the receiver had not done his whole duty to the traveling public by keeping his road in thorough repair. And if the passengers, who lost their lives, had been seated in the compartments provided for their accommodation, there would have been an end of the cases.

But back of this lay another question—whether these persons had not themselves so far contributed to their misfortunes by their own want of ordinary caution, that, but for such negligence, they would have escaped unhurt. Now there is, and can be, no serious controversy that Salinger and Goldberg were, of their own choice and for their own pleasure, and not from necessity, standing upon the platform, at the time of the accident, after repeated warnings of their danger, and were killed in consequence of occupying that exposed position. And the jury in the Goldberg case, in order to reach their conclusion, must have ignored these facts, all of which are either conceded, or indisputably proved. Hence we have no hesitation in saying that the verdict is not supported by sufficient evidence. For they have found the issue of contributory negligence directly contrary to what the facts are admitted to be.

The verdict is also contrary to the third and fourth directions given at the request of the defendants, and to the modification of the fifth and sixth. But the truth is the jury must have been mystified by the confused and contradictory charge of the court. The second and third directions for the plaintiff are cloudy, tending to obscure a very plain matter. They seem to tell the jury that notwithstanding Goldberg may have been guilty of negligence which contributed to his death, yet they, by virtue of their omnipotence as triers of the facts, might find otherwise, if they chose to disregard the evidence.

M. & L. R. Ry. v. Salinger, Ad.    Salinger, Ad., v. M. & L. R. Ry.

The instruction numbered 3, in both series, is taken from *Shearman & Redfield's* work *on Negligence, sec. 25,* and is applicable to almost any case where the cause of action is a negligent injury, the defense contributory negligence and there is any testimony to support the defense.

The fifth prayer for defendants in the Goldberg series was based upon the opinion of this court in *L. R. & F. S. Ry. v. Miles, 40 Ark., 322.* We perceive no objection to the prayer as originally framed. It is good law, pertinent to the case in hand and warranted by the state of the proofs. Still we should never reverse a judgment which was righteous and just because the circuit court had refused an unobjectionable request and had substituted in its place a direction which conveyed the same general idea. The same thing may be said of the modification of the sixth prayer.

2. Contributory negligence.

The seventh prayer as granted in the Salinger case should have been granted in the Goldberg case. It is contributory negligence for a passenger to remain on the platform of a car propelled by steam, when there is no reasonable excuse for so doing, and after he has been specifically warned of his danger. And if an injury happen to him under such circumstances, through the company's negligence, yet if it also appear that the injury would not have fallen on him but for his being in that particular position, the company may successfully defend against an action for such injury. *Wharton on Negligence, sec. 364; Beach on Cont. Neg., sec. 54; Hickey v. B. & L. R. Co., 14 Allen, 429; Camden & Atlantic R. Co., 99 Penn. St., 492; Macon & Western R. Co. v. Johnson, 38 Ga., 409; Ala. Great Southern R. Co. v. Hawk, 72 Ala., 112; Quinn v. Ill. Cent. R. Co., 51 Ill., 495; Abend v. Terre Haute & I. R. Co., 111 Ill.*

Contributory negligence is ordinarily a question of fact; but when the facts are not in dispute, the province of the jury is very much narrowed.

An action was brought in the circuit court of the United States for the eastern district of Arkansas, for the death of Adair, who was killed in the same wreck. The plaintiff was beaten upon the issue of contributory negligence, the proof showing that, for the purpose of smoking, he had gone into the baggage car, a place not intended for the reception of passengers, and was there when the train fell through the bridge.

The judgment of the Pulaski circuit court is affirmed, and the judgment of the St. Francis circuit court is reversed, and the cause remanded to be proceeded with in conformity to this opinion.