J. A. MALCOM v. THE RICHMOND AND DANVILLE RAILROAD
COMPANY.

*Contributory Negligence—Passengers.*

1. A passenger on a freight train, who stands on the rear platform without holding to anything, is guilty of contributory negligence, and cannot recover for any injury which he may sustain by reason of the sudden starting of the train.

2. A railroad company is not required to give signals to passengers as to the movement of trains.

CIVIL ACTION to recover damages, tried at August Term, 1889, of GUILFORD Superior Court, before *Graves, J.*

On the trial, it appeared that the plaintiff was a passenger on the defendant's freight train from Winston to Greensboro. A passenger coach was attached to the train, and there was ample room in the same for the accommodation of all of the passengers.

While the train was taking in wood at a wood station, the plaintiff went on the rear platform of the coach and stood there, without holding to anything, until the train started "with such a jerk as to throw him off violently on the rails," by reason of which he was injured. The negligence attributed to the defendant is that the train was started without any signal or other notice.

At the conclusion of the testimony his Honor intimated an opinion that, upon the testimony, the plaintiff could not recover; whereupon the plaintiff submitted to a nonsuit, and appealed.

*Mr. J. T. Morehead*, for plaintiff.
*Mr. D. Schenck*, for defendant.

SHEPHERD, J.: Whatever may be the duty which the law imposes upon railroad companies in respect to giving signals

when their trains are approaching crossings and regular stations, it is clear that it has no application to the case before us.

The Supreme Court of Alabama in *Railroad* v. *Hawk*, 18 Eng. and Am. R. R. Cases, 194, in construing statutes requir- ing such signals to be given, says: "These precautions, so far as applicable to persons, are intended obviously for the benefit of the traveling public, and others who have a right to be warned of approaching trains, for their personal pro- tection against injury. Passengers who are on the trains are not ordinarily included in the letter or spirit of the stat- ute. They do not need such signals of warning for their protection, and they cannot, therefore, be construed to be entitled to them." *Railroad* v. *Bendrow*, 92 Pa. St., 495.

The place of this accident was a mere wood station, and the train only stopped there for the purpose of taking on wood. The defendant was under no duty to give signals at such a place, except, perhaps, for the purpose of warning its employees, and they alone could take advantage of any omission in this respect.

Apart from this, however, we are of the opinion that the plaintiff was guilty of contributory negligence. "Railroad companies are only bound to exercise due care that a passen- ger is not injured through their fault, and are not required to exercise such a supervision over him as absolutely pre- vents his being injured by his own fault. In other words, if a passenger voluntarily puts himself in a dangerous position he cannot claim indemnity from the company." 2 Wood's Railway Law, § 303. "The company, as held in some of the cases, cannot be expected to treat its passengers as chil- dren, or to put them under restraint. Passengers must take the responsibility of informing themselves concerning the every-day incidents of railway traveling, and the company could do business upon no other basis." *Mitchell* v. *Railroad*, 12 Am. and Eng. R. R. Cases, 165.

The plaintiff must have been aware of the dangerous position in which he placed himself. He was warned of this danger by the regulation of the defendant forbidding passengers to ride upon platforms; he must have known of the sudden startings and joltings peculiar to freight trains, and he must also have known, when he placed himself upon the platform, that the train was likely to start at any moment. Notwithstanding all this, he leaves his seat in the coach and puts himself in this dangerous position, without even taking the simple precaution of supporting himself by holding to the railing, or anything else.

That no recovery can be had under such circumstances is, it seems to us, too plain for further discussion. See Wood's Railway Law, *supra*, and the notes.

There was no error in the ruling of the Court.

Affirmed.