CASE 59.—ACTION BY G. B. MASSIE'S ADMINISTRATOR
AGAINST THE LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY.—May 27, 1910.

## L. & N. R. R. Co. v. Massie's Admr.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Af-
firmed.

1. Negligence—"Negligent Acts"—What Constitutes.—If acts
are such as an ordinarily prudent person would have commit-
ted under the same circumstances, they are not negligent.
2. Carriers—Death of Passenger—Comparative Negligence—
Question for Jury.—Gen. St. Fla. 1906, section 3149, forbids
recovery of damages from a railroad company where the
injury is caused by plaintiff's negligence, but provides that,
if the complaint and the agents of the company are both at
fault, the former may recover, but the damages are dimin-
ished or increased by the jury in proportion to the amount
of default attributable to him. Held, that such section es-
tablished a rule of comparative negligence, and hence, in an
action under the Florida statute for death of a passenger,
it was proper not to direct a verdict for defendant because
plaintiff's intestate was riding on the platform of a moving
car when he was killed, but that it was proper to submit to
the jury whether his act was negligence, and, if so, to com-
pare it with the acts of defendant's servants who helped to
produce the injury, making allowance in the verdict for so
much of intestate's negligence as may have helped to bring
about his death.
3. Carriers—Action for Death of Passenger—Evidence —Cause
of Injury.—In an action for death of a railroad employe
while riding as a passenger, evidence held to show that the
prime cause of injury was the negligence of some one
in charge of a loose locomotive, or who ought to have had it
in proper repair.

vol. 138—29

4   Appeal and Error—Review—Harmless Error.—Where the
prime caus'e of injury in an action for negligent death is
clearly shown to be due to defendant's negligence in a cer-
tain respect, error in submitting whether there was other
negligence is harmless.

5.  Evidence—Presumptions—Laws of  Other   States—Common
Law.—The common law is presumed to be in force in another
state, unless the contrary is shown.

6.  Death—Destruction of  Power  to  E'arn  Money—Damages—
Instructions.—In an action to recover for the destruction of
a 'decedent's power to earn money ,an instruction that, if the
jury found for plaintiff, they should award him such sum,
not exceeding the amount claimed in the petition, as they
should believe from the evidence deceased would have ac-
cumulated during his natural life, taking into account his age,
occupation, habits, health, mental and physical capacity, and
probable net earnings, the sum total of all these elements to
be reduced to a money value and its present worth to be
given by the jury as damages, properly stated the elements or
recovery.

McQUOWN & BECKHAM and BENJAMIN D. WARFIELD for
appellant.

SCOTT &   HAMILTON and REEVES & WATSON for appel-
lee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirm-
ing.

G. B. Massie, a citizen of Henry county, Ky., was
killed by being thrown from one of appellant's pas-
senger trains in Pensacola, Fla.   The decedent was
never married.   Administration was granted upon
his estate by the Henry county court; appellee, the
Capital Trust Company of Frankfort,   being ap-
pointed administrator.   Suit was brought in the cir-
cuit court of Franklin county against appellant to
recover damages for the destruction of   the   de-
cedent's power to earn money.   No question is made
in this court as to the jurisdiction of the Franklin
circuit court, and, in view of the finding of the fact

as to the home of decedent, we perceive no ground for such question.

The action was based upon a statute of the state of Florida, giving the cause of action to the representatives of one killed by the negligence of another or of his servants in that state. The statutes referred to in the pleadings and which, notwithstanding appellant's criticism of the petition, seem to have been admitted by the answer, as well as aptly charged in the petition, constituting the statute law of that state on the subject, are as follows:

"Sec. 3145. A Claim for Death Caused by Negligence of Another.—Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness, or default, of any corporation, or by the wrongful act, carelessness, negligence or default of any agent of any corporation, acting in his capacity of agent of such corporation, and the act, negligence, carelessness or default is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then and in every such case the person or persons who, or corporations which, would have been liable in damage, if death had not ensued, shall be liable to an action for damages, notwithstanding the death shall have been caused under such circumstances as would make it in law amount to felony.

"Sec. 3146. By Whom Brought.—Every such action shall be brought by and in the name of the widow or husband as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may main-

tain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator as the case may be, of the person so killed; and in every action the jury shall give damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed. Any action instituted under this article in behalf of a person or persons under twenty-one years of age shall be brought by and in the name of a next friend.''

''Sec. 3148. Liability of Railroad Company.—A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or by damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

''Sec. 3149. When Recovery of Damages Forbidden.—No person shall recover damages from a railroad company for injury to himself or to his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages are diminished or increased by the jury in proportion to the amount of default attributable to him.

''Sec. 3150. Liability for Injury to Employes.—If any person injured by a railroad company by the running of the locomotives or cars, or other ma-

chinery of such company, he being at the time of such injury an employe of the company, and the damage was caused by the negligence of another employe, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery. No contract which restricts such liability shall be legal or binding.'' Gen. St. Fla. 1906.

The facts are few and simple, and are not materially disputed. G. B. Massie was in the employ of appellant as extra flagman. He had gone out on a train from Pensacola, and, being relieved at the end of the trip, was returning to Pensacola as a passenger on the train on which he was killed. It was his duty upon the arrival at Pensacola of the train on which he was riding to then proceed upon it as a flagman on its journey north that night; it being due to leave immediately upon having another engine attached, and after the passengers, baggage, and so forth had been discharged and received. Among his duties was that of providing himself with signal flags and lanterns, to be obtained from a box at the depot at Pensacola, and to place them in position on his train. Then he was to assist the passengers to get aboard. As the train was backing slowly into the station at Pensacola, he came out on the platform of the coach in which he had been riding, presumably to be ready to alight as soon as the train came to a stop, which would have been within 100 yards. At this juncture a locomotive of appellant's standing in a siding started forward, ran into the passenger train at about the position where Massie was riding, throwing him from the car. He was killed instantly by the collision. The result of the trial was a verdict and judgment for the plaintiff.

The court instructed the jury that if the negligent failure of the railroad company to keep its engines in safe condition, or if the negligent care of the engine by its servants in charge, or if the negligent operation of the train on which Massie was a passenger, caused the collision in which Massie was killed, the defendant company was liable. As to Massie's duty, the court instructed that if he of his own volition, and not in the necessary performance of any duty required of him by defendant as flagman sometimes in its employ, went upon the platform of the coach in which he was riding and while the train was in motion, and was so riding at the time of the collision, and if his so riding was in violation of a rule of the company known to him, that was negligence on his part, unless the train had reached the platform or station at which passengers usually alighted, or unless he was about to begin acting as flagman and went upon the platform to prepare for his work, and did not know, and by ordinary care could not have known, of the proximity and dangerous condition of the engine that struck him. The jury were further instructed as follows:

"(5) If the jury find for the plaintiff, yet if the jury believe from the evidence that the plaintiff's intestate, G. B. Massie, was himself guilty of negligence, as defined in the fourth instruction, and that such negligence, if any, on the part of said Massie, contributed to cause him to be struck in the collision between defendant's train and engine, the damages, if any, awarded by the jury as compensation for the loss of said Massie's life (ascertained and valued as directed in the seventh instruction) should be diminished by the jury in proportion to the amount of default which the jury from the evidence may be-

lieve to be fairly attributable to said Massie by reason of his own negligence.''

''(7)   If the jury find for the   plaintiff,   they should award the plaintiff such sum, not exceeding. twenty-five thousand ($25,000.00) dollars, the amount claimed in the petition, as the jury shall believe from the evidence that G. B. Massie, the deceased, would have accumulated during his natural life, taking into account his age, occupation, habits, health, mental and physical capacity, and probable net earnings; the sum total of all these elements to be reduced to a money value and its present worth to be given by the jury as damages.''

Appellant's contention is that, the facts showing without dispute that Massie was injured while riding voluntarily on the platform of a car of a moving train, in violation of a known rule of the company forbidding it, he was guilty of contributory negligence, which as a matter of law precludes a recovery of damages by his estate for his death.   Some acts are so clearly negligent, and are so unmistakably the proximate cause of the principal result, that their legal effect upon the rights of the actor are fixed in law.   They are such acts as all reasonable minds would draw the same conclusion from when there is not a dispute as to the facts in such cases. It remains only to declare their legal effect.   But all acts which may be negligent are not so classed. As to the latter, it is left to the jury to say whether they were such as an ordinarily   prudent   person would have committed under the same circumstances. If they are, then they were not negligent.   If not, they are negligent.   Whether riding on the platform of a passenger car when it is in motion is such an act as constitutes negligence is a question which has

been treated differently by different courts. Some hold it falls in the first-named class. C. L. & A. R. v. Lohe, 68 Ohio St. 101, 67 N. E. 161, 67 L. R. A. 637; M. & L. R. R. v. Saliger, 46 Ark. 528; Pike v. B. & E. R., 192 Mass. 426, 78 N. E. 497; Goodwin v. Boston & Co. R., 84 Me. 203, 24 Atl. 816; Shrieber v. C. & S. P. R., 61 Minn. 499, 63 N. W.'1034; Hickey v. B. & L. R., 14 Allen (Mass.) 429; Bradley's Adm'r v. S. A. R., 90 Hun, 419, 35 N. Y. Supp. 918; Malcolm v. R. & D. R., 106 N. C. 63, 11 S. E. 187; Worthington v. C. V. R. Co., 64 Vt. 107, 23 Atl. 590, 15 L. R. A. 326. Other cases hold that the act falls within the latter class. Augusta So. Ry. Co. v. Snyder, 118 Ga. 146, 44 S. E. 1005; Zemp v. W., etc., Ry. Co. (S. C.) 9 Rich. Law, 84, 64 Am. Dec. 764; St. L. & S. W. Ry. Co. v. Ball, 28 Tex. Civ. App. 287, 66 S. W. 881; Graham v. McNeill, 20 Wash. 466, 55 Pac. 631, 43 L. R. A. 300, 72 Am. St. Rep. 129. The rule is as last stated with respect to passengers upon streets cars. Capital Traction Co. v. Brown, 29 App. D. C. 473, 12 L. R. A. (N. S.) 831; Scott v. B. C. Transit Co., 63 N. J. Law, 407, 43 Atl. 1060. In this state it has been said (L. & N. Ry. Co. v. Head, 59 S. W. 23, 22 Ky. Law Rep. 863): "We are of opinion that as a legal proposition it is not such contributory negligence as will defeat a recovery to go onto the platform of a moving train. To go onto the platform while the train is in motion might properly be held in some cases to be such negligence as would defeat a recovery, while in other cases it would not. The facts and circumstances of each case will govern. It is therefore proper to submit to the jury in this case the question of appellee's contributory negligence." See, also, C. & O. Ry. Co. v. Lang's Adm'r, 38 S. W. 504, 19

Ky. Law Rep. 65. We have not been referred to any decision of the Supreme Court of Florida declaring the common law as it is construed in that state bearing on this subject. But, without pursuing the inquiry farther, we think this case must turn on the terms of the statute, as the trial court made it do. By section 3149, supra, a rule of comparative negligence is established for that state. So that, even if it had been true that by the common law the contributory negligence of the intestate in such a state of case was a bar to the suit, the statute now provides otherwise. Appellant argues concerning the statute that it has not changed the common law, but that the phrase "where same is done by his consent, or is caused by his own negligence," leaves the common law rule of contributory negligence intact. This argument takes not into consideration the following sentence: "If the complainant and the agents of the company are both at fault, the former may recover, but the damages are diminished or increased by the jury in proportion to the amount of default attributable to him." In the light of his language, we must construe that the preceding clause "is caused by his own negligence" refers to the state of case where the negligence of the plaintiff, or his intestate, was the sole cause of the injury, as cause is considered in law. Otherwise the section of the statute would be inconsistent and self-destructive in its own terms. Of course, the Legislature did not mean to produce that result. We hold, therefore, that it was proper not to instruct the jury peremptorily to find for the defendant because the plaintiff's intestate was riding on the platform of the moving car when he was killed, and that it was proper to submit to the jury whether his act, under

the circumstances of the case, was an act of neg-
ligence, and, if so, to measure it in comparison with
the negligence of the defendant's  other  servants
which helped to produce the injury, making allow-
ance in the verdict for so much of the intestate's neg-
ligence as may have helped to bring about his death.
This view of the Florida statute seems to be in har-
mony with the construction placed upon it by the
Supreme Court of that state. F. C. & P. R. Co. v.
Williams, 37 Fla. 422, 20 South. 558; F. C. & P. R.
Co. v. Foxworth, 41 Fla. 63, 25 South, 338, 79 Am.
St. Rep. 149.

The trial court seems to have inadvertently sub-
mitted a false issue to the jury, wherein he  told
them that they might find for the plaintiff if those
in charge of the train on which Massie was riding
were guilty of negligence in its operation.   It was
so claimed in the petition, but there was no evidence
offered to the effect that they were so negligent. Still
the facts shown in the evidence were numerous and
clear that the negligence of some one in charge of
the loose locomotive, or who ought to have had it
in proper repair, was the prime cause of the injury.
The error of the court in submitting whether there
was other negligence seems to us to have been harm-
less, and it would be trifling with the case to reverse
for that unsubstantial reason.

Instruction No. 7, which is copied above, is com-
plained of, as not correctly embodying the law of
compensation, and as being based on the common
law of Florida, which was not pleaded.  Conceding
that the common law as it is construed in Florida on
this point was not pleaded, still we must presume
that the common law is in force there, unless the
contrary is shown.   The elements of  damage   set

forth in this instruction are not materially different from the definition which obtains in this state.

We perceive no substantial error in the record. Judgment affirmed.