CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*
LINDAHL.

Opinion delivered March 4, 1912.

1. CARRIERS—CONTRIBUTORY NEGLIGENCE—RIDING ON PLATFORM OF COACH.—A passenger was not guilty of contributory negligence as

matter of law in riding upon the platform of a coach which was so crowded that he could not find a seat inside.   (Page 537.)

2.   INSTRUCTIONS—APPLICABILITY TO ISSUES.—Instructions which fairly submitted to the jury the issues of the case will not be ground for reversal though the language used in the instructions was not aptly chosen and might in some respects be open to criticism.   (Page 538.)

3.   CARRIERS—CONTRIBUTORY NEGLIGENCE—ARGUMENT.—In an action by a passenger of sixteen years to recover for personal injuries where the defense was contributory negligence, it was not error for plaintiff's counsel to argue that the jury had a right to consider the age of the plaintiff in determining whether he was negligent.   (Page 538.)

Appeal from Hot Spring Circuit Court;   *W. H. Evans*, Judge; affirmed.

### STATEMENT OF FACTS.

George Lindahl, a boy between sixteen and seventeen years of age, while riding on a platform of an overcrowded train of the Chicago, Rock Island & Pacific Railway Company, fell therefrom and was injured.   This suit is brought against the railroad company to recover damages therefor.   The company defended on the ground that there was no negligence on its part, and that George Lindahl was guilty of contributory negligence.

George Lindahl resided in Malvern, Hot Spring County, and in October, 1910, went to the State fair at Hot Springs, over the defendant's line of railroad.   He had a round-trip ticket, and left Hot Springs for home about 5:30 o'clock, P. M. on Friday, the next to the last day of the fair.   When he boarded the train, he walked into one coach and looked around, but could not find a seat.   He then walked to the door of the other coach, and did not see a vacant seat in that coach; he then stepped out on the platform of the car, and the people kept crowding out on the platform going from one car to the other, so that he stepped over to one side and took a position on the top step of the platform and stood there facing the engine, holding on to the hand rail.   When the train got out about a mile from Hot Springs, it stopped for water, and Lindahl stepped off on the ground.   When the train was about to start again, he stepped back on the platform, and resumed his position on the top step, and stood facing the engine with his hand around the top rail.   There were six or eight people on the platform,

and the persons in the car kept going from one car to the other so that the plaintiff could not get in there without shoving some of the persons on the platform aside. The conductor came along and took up his ticket, but said nothing to him about going inside of the car. When the train had gone about a mile from the water tank, while rounding a curve, it lurched, and the plaintiff was thrown from the train to the ground and received severe injuries. This is the version of the accident as testified to by the plaintiff himself. Other witnesses corroborated his statement and testified that there were about a dozen persons riding on the platform.

The railroad company adduced testimony tending to show that there were a few vacant seats in the car—perhaps one or two—and that the plaintiff could have obtained a seat, had he gone into the car, but that he went out on the platform with a companion to smoke. The plaintiff, however, denies this. Other evidence adduced by the defendant tended to show that the plaintiff was standing on the middle step of the car, and that one foot was hanging out, and that he would kick the weeds along the side of the track, and this was denied by the plaintiff.

The testimony, however, does show that there was room for the plaintiff to stand on the inside of the car.

The jury returned a verdict for the plaintiff, and from the judgment rendered the defendant has appealed.

*Thomas S. Buzbee* and *George B. Pugh*, for appellant.

1. The evidence shows that there was ample room within the coach where appellee might have stood with safety, and he should have stood there, rather than expose himself to danger by riding upon the platform. The injury was therefore the result of his own negligence. Huthcinson on Carriers, 1410; 70 L. R. A. 709; 146 Ind. 147; 34 L. R. A. 141; 84 Me. 203.

2. At the time of the injury appellee was over sixteen, nearer seventeen, years of age. When appellant requested an instruction to the jury directing them that they could not consider the boy's age in arriving at their verdict as to his right to recover, which the court refused to give, it was error for the court to permit counsel for plaintiff, in discussing the refusal of the court to give that instruction, to state to the jury that he would insist on the converse of the instruction as one

of the grounds upon which he would ask a verdict, and to argue that a boy sixteen years of age will not be held to the same degree of care for himself that a man of mature years would be, etc. 32 Am. Rep. 413; 26 N. E. 916; 39 N. W. 402; 57 L. R. A. 639; 57 Ark. 461; 92 Ark. 437.

*J. C. Ross* and *H. C. Means,* for appellee.

1. Appellant was negligent in failing to furnish proper accommodations for its passengers in failing to furnish appellee a seat. 3 Thompson on Neg., § § 2572, 2858; 34 N. Y. 670; 69 Miss. 421; 50 S. W. 732; 43 L. R. A. 300; 98 N. Y. 650; 97 Fed 891; 45 Ark. 368. Appellant's contention that where it furnishes standing room inside the coach it has performed its duty is without merit. If the carrier fails to furnish the passenger a seat, and he, in the exercise of ordinary care, is riding on the platform or steps by reason of any necessity, real or apparent, and without any reasonable excuse for being there, then, in case of injury to the passenger, the failure to furnish the seat may be held to be the proximate cause of the injury. 50 S. W. 732; 34 N. Y. 670; 67 Mo. App. 105.

2. The evidence established the *prima facie* presumption that there was negligence in the operation of the train. 3 Thompson on Neg., § 2830; 93 Ark. 242.

3. Appellee was not guilty of contributory negligence. 146 Ind. 147; 84 Me. 203; 54 Vt. 107; 99 Pa. 492; 39 W. Va. 366; 72 Ala. 112; 16 Col. 103; 85. Ga. 653; 47. La. Ann. 1671; 91 N. Y. 420; 162 Mass. 546; 88 Wis. 421; 139 Pa. 195; 43 N. E. 649; 33 Md. 588; 42 N. E. 656; 58 N. Y. 248; 64 Mich. 196.

4. It is not negligence *per se* for a passenger to ride upon the platform. Beach on Contributory Negligence, (3 ed.), § 149; 3 Thompson on Neg., § § 2949, 2952; 20 Wash. 466; 43 L. R. A. 300; 98 N. Y. 650; 94 Ala. 299; 24 S. W. 854; 3 Hutchinson on Carr., § 1198 p. 1409; 10 Am. & Eng. Ann. Cases, 816, note; 103 Cal. 7; 141 Ill. 614; 212 Ill. 332; 100 Ky. 221; 27 Ind. 59; 76 Ill. App. 613; 67 Mo. App. 105; 50 Neb. 906; 34 N. Y. 670; 149 N. Y. 336; 56 S. W. 214; 66 S. W. 879; 67 S. W. 1085; 97 Fed. 891; 126 Fed. 157.

5. There was no impropriety in counsel's reference in argument to the boy's age at the time of the injury, his age

being a proper element to consider to determine the question to contributory negligence.  97 Ga. 381; 84 Ark. 74; 90 Ark. 407; *St. L. I. M. & S. Ry. Co.* v. *Aiken,* 100 Ark. 437.

HART, J., (after stating the facts).  It is first contended by counsel for the defendant that the plaintiff is precluded from a recovery in this case by the principles announced in the case of *Memphis & Little Rock Ry.* v. *Salinger,* 46 Ark. 528; but we do not think so.  There Salinger had a seat in the car, and went out on the platform to smoke, and was warned by the conductor that it was dangerous to ride there, but replied that he would go inside as soon as he finished his cigar.  The court said:  "It is contributory negligence for a passenger to remain on the platform of a car propelled by steam when there is no reasonable excuse for his so doing and after he has been specifically warned of his danger; and if an injury happens to him under such circumstances through the negligence of the company, yet, if it also appears that the injury would not have fallen on him but for his being in that particular position, the company may successfully defend an action for such injuries."

Here the facts are essentially different, and were not such that it would be said as a matter of law that plaintiff had no reasonable excuse for riding on the platform.

It is next contended by counsel for defendant that the fact that there are no vacant seats in railroad cars does not justify a passenger in riding on a platform while the train is in motion, and that he is guilty of contributory negligence in standing upon the platform when he can obtain standing room inside, though the train is crowded and ther are no vacant seats.  On this question, the authorities are divided, one line holding with the contention of defendant and the other holding that, as the question of contributory negilgence of plaintiff depends upon circumstances, it should be left for the determination of the jury. Many authorities on both sides have been cited by counsel in their respective briefs, and they may also be found in the case note of *Norvell* v. *Kanawha & Mich. Ry. Co.* (W. Va.) 29 L. R. A. (N. S.) 325, and *Rolette* v. *G. N. Ry. Co.,* 91 Minn. 16 (1 Am. & Eng. Ann. Cases 313).

The railway company had notice in advance that an unusual number of people would ride on its cars to and from Hot Springs during the State fair, and it was its duty to have used

reasonable efforts to prepare for them. It does not appear that the crowd was so unexpected and unusual that provision reasonably could not have been made to afford seats to passengers and to prevent overcrowding the car. The passengers who had tickets to entitle them to go by that train were entitled to seats. Plaintiff held such a ticket—the return coupon of a round trip ticket. These facts are undisputed.

In addition to this, it appears from the testimony of the plaintiff that he walked into one car, and could not find a seat there; he then walked out on the platform of the car, and looked through the door of the other car, and saw he could not obtain a seat there. He then remained on the platform, and was jostled to one side by the crowd going from one car to the other. He said that when he got back on the car after alighting at the water tank the plaftorm was so crowded that he could not have re-entered the car without jostling and shoving the other passengers around. It is true that his testimony in this respect is contradicted by the evidence adduced on behalf of the defendant; but, when the surrounding facts and circumstances are considered, we are of the opinion that the negligence of the defendant and the contributory negligence of the plaintiff were questions for the jury.

The instructions on this question were somewhat loosely drawn, but instructions are always given with reference to the particular facts of the case; and, when so considered, we think the instructions fairly submitted to the jury the contributory negligence to the plaintiff and also the negligence of the defendant, and that the judgment should not be reversed because the language used in the instructions was not aptly chosen and might in some respects be open to criticism. 6 Cyc. 654; *Trumbull* v. *Erickson*, 38 C. C. A. 536; *Werle* v. *Long Island Rd. Co.*, 98 N. Y. 650; *Bonner* v. *Glenn*, 79 Tex. 531; Hutchinson on Carriers, (3 ed.), § 1198; *Graham* v. *McNeill*, 20 Wash. 466, 72 Am. St. Rep. 121.

It is next urged by counsel for defendant that the court erred in permitting counsel for the plaintiff to argue to the jury that in determining the question of plaintiff's contributory negligence they might take into consideration the boy's age. There was no error in this. Even if it be conceded that it was not proper to instruct the jury that it might take into con-

sideration the plaintiff's age and inexperience in determining the question of his contributory negligence in the absence of proof that he was less able than an ordinary person to look out for his safety, still, in determining the question of contributory negligence, the jury had a right to consider the age of the plaintiff in connection with all the other surrounding facts and circumstances, and it was not error for plaintiff's counsel to argue that fact to them, for it was the duty of the jury to consider all fatcs and circumstances adduced in evidence.

Judgment will be affirmed.